# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| | : | NO. 01-663-1 |
| v. | : | |
| | : | CIVIL ACTION |
| KEN COFFIE | : | NO. 16-3123 |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                      AUGUST 9, 2017

## MEMORANDUM OPINION

Before this Court is a *motion to correct sentence under 28 U.S.C. §2255*, filed by Defendant Ken Coffie ("Coffie" or "Defendant"), which implicates the enhancement provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), that was invalidated, as unconstitutionally vague, by *Johnson v. United States,* 135 S. Ct. 2551 (2015). [ECF 67, 72]. The Government opposes the motion. [ECF 74]. The issues raised in the motion have been fully briefed and are, therefore, ripe for disposition. For the reasons stated herein, Defendant's motion is denied.

**BACKGROUND**

On March 4, 2002, Coffie was convicted by a jury of unlawful possession of a firearm as a previously convicted felon in violation of 18 U.S.C. §922(g)(1), and of being a felon in possession of a firearm with at least three previous "violent felony" convictions in violation of 18 U.S.C. §924(e). The sentencing court,[1] without the benefit of the Supreme Court decision of *Johnson v. United States*, 135 S. Ct. 2551 (2015), found that Defendant was an armed career

---

[1] This matter was originally assigned to the Honorable Mary McLaughlin and was administratively reassigned to the undersigned on October 30, 2015. [ECF 66].

criminal and that, pursuant to the sentencing enhancement of the ACCA, he was subject to at least a fifteen-year mandatory minimum sentence for this federal conviction. *See* 18 U.S.C. § 924(e)(1).[2] The mandatory minimum sentence enhancement took into consideration Coffie's one prior conviction for a serious drug offense, one prior conviction for burglary, and five prior convictions for robbery.[3]

Relying on the *Johnson* decision, Coffie now argues that he is not an armed career criminal because his previous convictions no longer qualify as predicate offenses under ACCA. Specifically, Coffie contends that neither the burglary nor any of the robbery convictions qualify as predicate offenses. The Government concedes that the burglary and the 1989 third-degree robbery convictions do not qualify as violent felonies under ACCA's elements/force clause,[4] but argues that the remaining robbery convictions are violent felonies. Based upon this concession, this Court will limit its analysis to the argument pertaining to the four prior first-degree robbery convictions to determine whether at least three of those robbery convictions are violent felonies under the force clause of ACCA and, therefore, whether Defendant's motion has merit.[5]

---

[2] Under ACCA, a felon in possession of a firearm who has three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of fifteen (15) years imprisonment. 18 U.S.C. §924(e)(1); *see also Welch v. United States*, 136 S. Ct. 1257, 1261 (2016).

[3] Four of the robberies committed in 1992 were first-degree offenses. With this criminal history, the Probation Office calculated Coffie's base offense level as 33 pursuant to § 4B1.4 of the 2001 United States Sentencing Guidelines (USSG), his criminal history category as VI, and the guideline range as 235 to 293 months of imprisonment which required, at minimum, a mandatory sentence of 180 months. Coffie was sentenced to 235 months of imprisonment.

[4] The force clause is sometimes referred to as the "elements clause." *See, e.g.*, *Welch*, 136 S. Ct. at 1261.

[5] By attacking only his prior burglary and robbery convictions, it appears that Defendant does not challenge the sentencing court's use of his prior conviction for a serious drug offense as a predicate under ACCA. Neither party, however, addresses the sentencing court's use of this particular prior conviction for the ACCA enhancement. Because this Court finds that at least three of Defendant's prior robbery

2

**LEGAL STANDARD**

A prisoner in federal custody may move to vacate, set aside, or correct his/her sentence under 28 U.S.C. §2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. §2255(a).[6] "[R]elief under §2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). If a court finds that the judgment or sentence imposed was not authorized by law, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall either discharge the prisoner, resentence him, grant a new trial, or correct the sentence, as may appear appropriate. 28 U.S.C. §2255(b).

**DISCUSSION**

In his motion, Defendant argues that after *Johnson* his four robbery convictions under 18 Pa. Con. Stat. §3701(a) no longer count as ACCA predicates. He contends that since the *Johnson* decision invalidated ACCA's residual clause and robbery is not one of the enumerated offenses in §924(e)(2)(B), then his previous robbery convictions qualify as violent offenses for

---

convictions constitute ACCA predicates, it does not matter whether Defendant's prior conviction for a serious drug offense also constitutes an ACCA predicate.

[6]    Section 2255 provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255(a).

3

enhancement purposes *only* if they meet the force clause of § 924(e). According to Defendant, these prior convictions do not meet the force clause because the robbery statute, 18 Pa. Con. Stat. §3701(a)(1), is indivisible and does not categorically require the use, attempted use, or threatened use of physical force. Defendant further contends that the term "physical force" has been defined as "violent force . . . capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Defendant argues that the mandated "categorical approach" applies to this analysis and that under this approach, the "force clause" is not satisfied if there is "any set of facts" that "would secure a conviction under the statute without proof of the intentional use of [violent] force against the person of another." [ECF 67 at p. 4] (quoting *United States v. Velasco*, 465 F.3d 633, 638 (5th Cir. 2006)).

In contrast, the Government argues that the Pennsylvania robbery statute is divisible, thus, allowing this Court to apply the "modified categorical approach" and look to certain documents (referred to as *Sheppard* documents) to determine the subsection of the robbery statute under which Defendant was charged and convicted. When applying the modified categorical approach, the Government contends that it is clear Defendant was charged with, and pled guilty to, the particular subsections of the robbery statute that require the use of violent force. The parties' respective arguments are addressed below.

Under federal law, a conviction for being a felon in possession of a firearm generally carries a statutory maximum term of imprisonment of ten (10) years. 18 U.S.C. §924(a)(2). However, if a defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another[,]" the defendant faces a fifteen (15) year mandatory minimum sentence. *Id.* at §924(e)(1). ACCA defines the term

"violent felony" as "any crime punishable by imprisonment for a term exceeding one year" which either:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Id.* at §924(e)(2)(B)(i)-(ii). This definition contains three distinct clauses: the *force* or elements clause ("has an element the use, attempted use ..."), the *enumerated offenses* clause ("burglary, arson, or extortion ..."), and the *residual* clause ("otherwise involves ..."). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The *Johnson* Court made clear, however, that its holding did "not call into question the application of the Act to the four enumerated offenses, or the remainder of the definition of violent felony." *Id.* Thus, following *Johnson,* a prior conviction is a violent felony only if it falls into one of two categories: (1) the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another;" or (2) the crime "is burglary, arson, or extortion, [or] involves the use of explosives." *See* §924(e)(2)(B). In *Welch v. United States*, the Supreme Court held that its holding in *Johnson* retroactively applies to cases on collateral review. 136 S. Ct. at 1268.

In determining whether a prior conviction qualifies as a violent felony for purposes of ACCA, courts are instructed to use the "categorical approach." *Johnson*, 135 S. Ct. at 2557 (reiterating application of framework established in *Taylor v. United States*, 495 U.S. 575 (1990)). The categorical approach "calls for a comparison of 'the elements of the statute forming the basis of the defendant's conviction' with the definition of crime of violence." *United States*

5

v. *Chapman*, -- F.3d --, 2017 WL 3319287, at *4 (3d Cir. Aug. 4, 2017) (quoting *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013)). When applying the categorical approach, courts "look only to the statutory definitions – *i.e.*, the elements – of a defendant's prior offenses, and not to the particular facts underlying those convictions." *Descamps*, 133 S.Ct. at 2283 (quoting *Taylor*, 495 U.S. at 600). In doing so, the court "cannot go beyond identifying the crime of conviction" and the statutory definition. *Mathis v. United States*, 136 S. Ct. 2243, 2252 (2016).

However, "in a narrow range of cases," courts are permitted to apply a modified categorical approach that allows them to "go beyond the mere fact of conviction" and the statutory text, *Taylor*, 495 U.S. at 602, and consult the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). This limited category of court records is often referred to as the "*Shepard* documents." *Descamps*, 133 S.Ct. at 2281. The modified categorical approach, however, may only be used if the underlying conviction was imposed under a so-called "divisible" statute. *Id.* at 2281-82. A divisible statute "sets out one or more elements of the offense in the alternative," *id*. at 2281, it "comprises multiple, alternative versions of the crime" and, in the "typical case brought under the statute, the prosecutor charges one of those alternatives, and the judge instructs the jury accordingly." *Id*. at 2284.

To determine whether to apply the categorical approach or the modified categorical approach, a court must first determine whether the state criminal statute at issue is divisible. That analysis depends on whether the statute's components "are elements or means." *Mathis*, 136 S. Ct. at 2256. Elements are the "constituent parts" or legal requirements for a conviction. *Id*. at 2248. Means, on the other hand, represent the ways in which a statute might be violated.

*Id.* If a statute's components merely describe different means of violating the statute, "the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution." *Id.* at 2256. A conviction under such a "means" statute cannot be analyzed using the modified approach and cannot be used to enhance a sentence. *Id.* Only if a statute's components are elements may a court review any available *Shepard* documents to try to isolate which alternative element formed the basis of the conviction. *Id.*

In *United States v. Blair*, 734 F.3d 218 (3d Cir. 2013), the Third Circuit Court of Appeals determined that the Pennsylvania robbery statute, (the same statute at issue here), contained "alternative elements" and was "obviously" divisible:[7]

> Given the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible and, therefore, a sentencing court can properly look to the kinds of documents listed by the Supreme Court in *Taylor* and *Shepard* to determine which subsection was the basis of Blair's prior convictions.

*Id.* at 225. Thus, as a divisible statute, the Pennsylvania robbery statute is subject to a modified categorical approach. *Id.* at 225. The modified categorical approach "permits a court to determine which statutory phrase was the basis for the conviction," *Johnson v. United States*, 559 U.S. 133, 144 (2010) (citation omitted). In doing so, "the court may look beyond the face of

---

[7] This Court is aware that at least one judge in this district has opined that the Third Circuit's decision in *Blair* was abrogated by the *Mathis* decision. *See United States v. Singleton*, 2017 WL 1508955, at *4 (E.D. Pa. Apr. 26, 2017). This Court, however, respectfully disagrees with that decision. While the *Mathis* decision addressed "whether ACCA makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements," *Mathis*, 136 S.Ct. at 2248, it does not alter the analysis to be applied when a court determines that a state's criminal statute provides alternative "elements" to the crime. In *Blair*, the Third Circuit unequivocally found that Pennsylvania's robbery statute was divisible because it includes "clearly laid out alternative elements . . . ." *Blair*, 734 F.3d at 225. Notably, since *Mathis,* other district courts in this Circuit have followed *Blair* with respect to the divisibility of the Pennsylvania robbery statute. *See, e.g.*, *United States v. Villella*, 2017 WL 1519548, at *7 (W.D. Pa. Apr. 27, 2017); *United States v. Wilson*, 2017 WL 1092679, at *2 (W.D. Pa. March 23, 2017); *United States v. Maldonado*, 2016 WL 4206371, at *4 (E.D. Pa. Aug. 9, 2016); *United States v. Harris*, 205 F. Supp.3d 651, 672-73 (M.D. Pa. 2016).

the statute to the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' to determine which of the alternative elements [of §3701(a)] was involved in the defendant's conviction." *United States v. Abbott*, 748 F.3d 154, 158 (3d Cir. 2014) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

Here, it is undisputed that Defendant's four previous relevant convictions were for first-degree robbery under the Pennsylvania robbery statute, 18 Pa. Con. St. §3701(a)(1). As both parties acknowledge, the Pennsylvania robbery statute in existence at the time of Defendant's robbery convictions, included five (5) subsections, not all of which necessarily required a defendant to commit a violent felony. Because Defendant concedes (and the relevant *Shepard* documents confirm) that these four convictions were for robbery in the first-degree, it necessarily follows that each of Defendant's robbery convictions was based on a violation of one of the first three subsections of the robbery statute.[8] Under the first three subsections of the robbery statute, a person is guilty of robbery in the first-degree if, "in the course of committing a theft," the person:

>(i) inflicts serious bodily injury upon another;
>
>(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; [or]
>
>(iii) commits or threatens immediately to commit any felony of the first or second degree.

18 Pa. Con. Stat. §3701(a)(1)(i)-(iii).

Though the Third Circuit has not decided in a published opinion whether convictions under these three subsections constitute convictions for violent felonies under ACCA, a panel of

---

[8] Section 3701(b) provides the grading for each subsection of robbery. Subsections (i) through (iii) are the only subsections designated as first-degree felonies.

8

the Third Circuit and several district courts have determined that §3701(a)(1)(ii) – which requires only a threat of immediate serious bodily injury – falls within the scope of the force clause. *See United States v. Dobbin*, 629 F. App'x 448, 452 (3d Cir. 2015); (holding that "because [the defendant] was convicted of violating 18 Pa. C. S. §3701(a)(1)(ii), which requires that the offender 'threaten[ ] another with or intentionally put[ ] him in fear of immediate serious bodily injury,' his convictions satisfy" the force clause); *see also United States v. Maldonado*, 2016 WL 4206371, at *5 (E.D. Pa. Aug. 9, 2016) (finding that a conviction under subsection (ii) of the Pennsylvania robbery statute constitutes a violent felony); *United States v. Villella*, 2017 WL 1519548, at *8 (W.D. Pa. Apr. 27, 2017) (same). Guided by the *Dobbin* holding, this Court concludes that § 3701(a)(1)(i), which by definition requires that a defendant actually "inflict [ ] serious bodily injury upon another," rather than merely threatening to do so, also constitutes a violent felony within the force clause. *Cf.*, *United States v. Wilson*, 2017 WL 1092679, at *2 (W.D. Pa. March 23, 2017) (relying upon *Dobbin* and holding that convictions under subsections (i) and (ii) of the Pennsylvania robbery statute constitute violent felonies); *United States v. Harris*, 205 F. Supp. 3d 651, 673 (M.D. Pa. 2016) (relying upon *Dobbin* to hold that convictions under subsections (i) and (ii) qualify as violent felonies under ACCA); *United States v. Peppers*, 2016 WL 7104291, at *1 (M.D. Pa. Dec. 6, 2016) (holding the same). As such, this Court finds, like the courts above, that convictions under subsections (i) and (ii) of the Pennsylvania robbery statute constitute convictions for violent felonies under ACCA.[9]

---

[9] In addition, the Pennsylvania statute defines "bodily injury" as "impairment of physical condition or substantial pain." 18 Pa. Con. Stat. §2301. This Court is of the opinion that this statutory definition necessarily requires "force capable of causing physical pain or injury" as required by ACCA. *Johnson v. United States*, 559 U.S. 133, 140 (2010).

As to subsection (iii) of the robbery statute, Defendant argues and the Government concedes here and in other cases, that a conviction under subsection (iii) does not necessarily require use of force under ACCA. *See, e.g.*, *United States v. Villella*, 2017 WL 1519548, at *7 (W.D. Pa. Apr. 27, 2017) (noting Government's concession that a conviction under subsection (iii) "does not qualify as an ACCA predicate under the force/elements clause."). Defendant argues that because this Court cannot determine with the requisite certainty under which of the three subsections he was charged, he must be resentenced without the ACCA enhancement.[10] Defendant is mistaken.

As noted, because the Pennsylvania robbery statute is divisible, this Court may look to the *Shepard* documents relating to Defendant's prior robbery convictions "to determine which alternative element(s)" or subsection of the Pennsylvania robbery statute "formed the basis of defendant's conviction." *Descamps*, 133 S. Ct. at 2293; *see also United States v. Toomer*, 2017 WL 1508842, at *2 (E.D. Pa. Apr. 27, 2017). After a careful review of the available *Shepard* documents, this Court finds that at least three of Defendant's four previous convictions for robbery were based on either subsection (i) or (ii) of the Pennsylvania robbery statute and, thus, constitute violent offenses under ACCA.

As accurately described by Defendant, each of the six "bills of information" that he attached as exhibits to the memorandum of law in support of his motion to correct the sentence reflects both the robbery charges against him and his subsequent guilty pleas. [*See* Doc. 72, Exs. B-E]. The second page of each of the bills of information shows that Defendant pled guilty to

---

[10] For the reasons discussed more fully below, this Court need not decide whether subsection (iii), either in general or specifically in this case, necessarily requires the commission of a violent felony because a review of the *Shepard* documents shows that Defendant pled guilty to robbery under either subsection (i) or (ii), and not subsection (iii). Therefore, Defendant's robbery convictions were each for the commission of a violent felony under ACCA.

"Robbery F1." The parties agree that Defendant pled to first-degree robbery each of the six times that he was charged with robbery. Therefore, Defendant necessarily pled guilty to either subsection (i), (ii), or (iii) of the robbery statute, since only these three subsections are classified as first-degree offenses. *See* 18 Pa. Con. St. §3701(b)(1).

Continuing the examination, the first page of each of the bills of information lists the six different "counts" of robbery. Each of these six counts parrots language from one of the five subsections of the robbery statute. For example, the "First Count" quotes the identical language of subsection (i) of the robbery statute. Likewise, the "Second Count" quotes the language from subsection (ii) of the robbery statute, and the "Third Count" quotes the language from subsection (iii) of the robbery statute.[11] As set forth above, in this Court's opinion a conviction under either subsection (i) or (ii) is a conviction for a violent offense. *See, e.g.*, *Dobbin*, 629 F. App'x at 452; *Maldonado*, 2016 WL 4206371, at *5; *Villella*, 2017 WL 1519548, at *8; *Wilson*, 2017 WL 102679, at *2; *Harris*, 205 F. Supp. 3d at 673; *Peppers*, 2016 WL 7104291, at *1.

The bills of information corresponding to Defendant's first-degree robbery guilty pleas reveals that Defendant ***was not charged*** with subsection (iii) of the robbery statute. Specifically, at the bottom of the page of each of the charging documents, a section exists for the assistant district attorney to fill in the following categories of information; *to wit*:

VICTIM –
PROPERTY TAKEN –
VALUE –

---

[11] As noted, the Pennsylvania robbery statute in existence at the time of Defendant's prior convictions contained five subsections. Each of the bills of information, however, contained six "counts" of robbery. The first three counts, as explained above, tracked the language of the first three subsections of the statute. The fourth and fifth counts, however, effectively split the fourth subsection of the statute into two separate counts, one for *inflicting* bodily injury and one for *threatening* bodily injury. The sixth count corresponds to the fifth subsection of the statute.

FELONY COMMITTED OR THREATENED –

[*See* ECF 72, Exs. B-E]. As the Third Circuit found in *Blair*, the category of "FELONY COMMITTED OR THREATENED," on identical charging forms clearly corresponds with, and relates solely to, a robbery charge under the third subsection of the robbery statute, which requires that a defendant "commits or threatens to commit any ***felony*** of the first or second degree . . . ." *Blair*, 734 F.3d at 222 (finding that "the '[f]elony committed or threatened' language is specifically akin to the language of § 3701(a)(1)(iii), which, makes it a first-degree felony to commit a robbery during the course of which one 'commits or threatens immediately to commit any felony of the first or second degree . . . .'"). Indeed, subsection (iii) of the statute is the only subsection of the statute to require the commitment or threat of a "felony of the first or second degree." *See* 18 Pa. Con. Stat. §3701 (a)(1)(i) – (vi). As such, the charging document category, "FELONY COMMITTED OR THREATENED," need only be filled out if the defendant is being charged with a robbery under subsection (iii).

For each of Defendant's bills of information, the "FELONY COMMITTED OR THREATENED" section is left blank. [*See* ECF 72, Exs. B-E]. In addition, on five of the six bills of information, this category was crossed out. [*See id*. at Exs. B, C, and E]. This Court finds that these particular *Shepard* documents clearly show that Defendant was not charged with, and thus, he did not plead guilty to subsection (iii) of the robbery statute when he pled guilty to first-degree robbery.[12] Rather, Defendant necessarily pled guilty to either subsection (i) or subsection (ii) of the robbery statute, both first-degree violent offenses.

---

[12] In addition, with respect to Defendant's conviction for the three related robberies that occurred on March 29, 1992, Defendant has provided the transcript for Defendant's guilty plea colloquy. [ECF 72-2, "Tr."]. Both sides agree this guilty plea colloquy constitutes a *Shepard* document. The transcript confirms that Defendant pled to, *inter alia*, three counts of first-degree robbery. During the colloquy,

12

**CONCLUSION**

For the reasons set forth herein, this Court finds that Coffie's four prior convictions for first-degree robbery qualify as violent felonies under ACCA's force clause. Accordingly, the imposition of the enhanced fifteen-year mandatory minimum sentence under ACCA was lawful. Coffie's motion to correct the sentence under §2255 is, therefore, denied. This Court also finds that, based on the analysis above, reasonable jurists would not disagree with this Court's assessment of Defendant's claims. Accordingly, this Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDC J

---

when asked to provide Defendant with a description of the charges to which Defendant was pleading guilty, the assistant district attorney described the robbery charges as the following:

> [T]he most serious offense that you are charged with is robbery, a felony of the first-degree. And the basic elements of robbery is that in the course of committing a theft, that is in the course of attempting to take property from another without permission, or in the process of actually taking that property without permission with intent to deprive that person of property, you used force or the threat of force in the commission of that theft. In this particular instance, it would be alleged through a conspirator, you used a deadly weapon, meaning a gun, to accomplish that theft. [*Id*., Tr. pp. 7-8].

The assistant district attorney then, at the court's direction, proffered the facts and evidence underlying the charges, which included Defendant "brandishing a loaded firearm" and "pointing the gun at [one of the victim's] head." [*Id*., Tr. pp. 16-17]. At the conclusion of the assistant district attorney's proffer, the court asked Defendant: "You understand that you are pleading guilty to those facts, that is that evidence?" [*Id*., Tr. p. 18]. Defendant answered, "Yes, sir." [*Id*.]. Defendant then went on to plead guilty to each of the three first-degree robbery charges. [*Id*., Tr. pp. 19-20]. This Court finds that this guilty plea transcript confirms that Defendant pled guilty to first-degree robbery under subsection (ii), resulting in a conviction for a violent felony under ACCA.

Notably, though Defendant's guilty plea to the March 29, 1992 robberies resulted in three robbery convictions, these three convictions count as only one predicate under ACCA because they were not "committed on occasions different from one another." 18 U.S.C. §924(e)(1); *see also Blair*, 734 F.3d at 229 (finding prior offenses to have been "committed on occasions different from one another" when different "criminal episodes were distinct in time, and targeted different geographic locations and victims.") (citations omitted).